# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| SUSAN KELCH, | : | Case No. 1:18-cv-707 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| PYRAMID HOTEL GROUP a/k/a PYRAMID CINCINNATI NORTH MANAGEMENT, LLC, | : | |
| Defendant. | : | |

# ORDER GRANTING DEFENDANT'S
# MOTION TO COMPEL ARBITRATION (Doc. 9)
# AND DISMISSING THIS CASE
# WITHOUT PREJUDICE

This case is before the Court on Defendant's Motion to Compel Arbitration of Plaintiff's Claims and to Dismiss Amended Consolidated Complaint (Doc. 9) (the "Motion to Compel Arbitration"), as well as Plaintiff's responsive memorandum (Doc. 10). Defendant has not filed a reply memorandum.

## I. BACKGROUND

The Motion to Compel Arbitration arises in the context of an employment dispute. Plaintiff, an individual, has filed suit against Defendant, her employer, for violations of state/federal law. (*See generally* Doc. 8). In her Amended Consolidated Complaint, Plaintiff alleges that Defendant has refused to let her work since she took an extended medical leave back in 2017. (*Id.* at ¶¶ 1–24). Plaintiff's Amended Consolidated Complaint contains six counts: (1) age discrimination under Ohio Rev. Code

§ 4112.02(A); (2) disability discrimination under Ohio Rev. Code § 4112.02(A); (3) retaliation under Ohio Rev. Code § 4123.90; (4) age discrimination under the ADEA; (5) disability discrimination under the ADA; and (6) retaliation under the ADA.[1] (*Id.* at ¶¶ 44–57).

In the Motion to Compel Arbitration, Defendant asks the Court to send Plaintiff's claims to arbitration, pursuant to a Mutual Arbitration Agreement (the "Arbitration Agreement"), which Plaintiff and Defendant entered back in 2015. (*See* Doc. 9-1). In relevant part, the Arbitration Agreement provides as follows:

> 1. Except as provided below, **Employee and Hotel both agree all legal disputes, claims, and controversies between them, including claims relating to or arising from Employee's employment with the Hotel or any separation there from, that are not specifically excluded by this Agreement ("Claims") will be determined and resolved exclusively by final and binding arbitration before a single, neutral arbitrator**. Arbitration will be administered by the American Arbitration Association ("AAA") according to its applicable rules for the arbitration of employment disputes (except as otherwise set forth herein). **Claims subject to arbitration include, without limitation, statutory and common law claims; contract and tort claims; and claims for violation of public policy**.
>
> [. . .]
>
> 3. **The only Claims excluded from this Agreement are**: **(a)** claims by Employee for workers' compensation or unemployment benefits; **(b)** claims by Employee for benefits under a Hotel benefit plan or program that provides its own process for dispute resolution; **(c)** claims for which this Agreement would be invalid as a matter of law; **(d)** actions to enforce this Agreement, compel arbitration, or enforce or

---

[1] The "ADEA" refers to the Age Discrimination in Employment Act, and the "ADA" refers to the Americans with Disabilities Act.

2

vacate an arbitrator's award under this Agreement, such actions to be governed by the Federal Arbitration Act; **and (e)** claims against the owner or franchisor of a hotel property managed by the Hotel that <u>do not arise out of the Employee's employment relationship</u> with the Hotel.

4. By agreeing to arbitration, **<u>Employee does not waive the right to file an administrative complaint</u>** with or to seek relief from federal or state agencies, such as the Equal Employment Opportunity Commission, the National Labor Relations Board, or similar agency, **but waives the right to file or obtain monetary relief in a lawsuit or court action**.

(*Id.* at 2 (emphasis added)).[2] Plaintiff's signature appears at the bottom of the Arbitration Agreement, after the following representation: "Employee has read and understands this Agreement and has had the opportunity to consult with an attorney or advisor before signing." (*Id.* at 3).

## II. STANDARD OF REVIEW

When asked by a party to compel arbitration under a contract, a federal court must determine whether the parties agreed to arbitrate the dispute at issue. *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). Any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration. *Id.* Courts are to examine the language of the contract in light of the strong federal policy in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (stating that the FAA "is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural

---

[2] Section 2 of the Arbitration Agreement, which has been omitted from the language quoted *supra*, merely states that the Arbitration Agreement extends to claims brought against certain related/successor entities/persons. (Doc. 9-1 at 2).

3

polices to the contrary"). The "primary purpose" of the FAA is to ensure "that private agreements to arbitrate are enforced according to their terms." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford, Jr. Univ.*, 489 U.S. 468, 479 (1989).

Section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Section 3 thus requires a court in which suit has been brought "'upon any issue referable to arbitration under an agreement in writing for such arbitration' to stay the court action pending arbitration once it is satisfied that the issue is arbitrable under the agreement." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 400 (1967) (quoting 9 U.S.C. § 3).[3]

In considering a motion to compel arbitration under the FAA, a court has four tasks: (1) it must determine whether the parties agreed to arbitration; (2) it must determine the scope of the arbitration agreement; (3) if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and (4) if the court concludes that some, but not all, of the claims in the action are subject

---

[3] *See also Santos v. Am. Broad. Co.*, 866 F.2d 892, 894 (6th Cir. 1989) ("Where the parties to a contract that provides for arbitration have an arbitrable dispute, it is crystal clear that Congress has mandated that federal courts defer to contractual arbitration.").

4

to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration. *Stout*, 228 F.3d at 714.

In determining the scope of an arbitration agreement, it is proper "to ask if an action could be maintained without reference to the contract or relationship at issue." *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 395 (6th Cir. 2003). The Sixth Circuit applies "the cardinal rule that, in the absence of fraud or willful deceit, one who signs a contract which he has had an opportunity to read and understand, is bound by its provisions." *Allied Steel & Conveyors, Inc. v. Ford Motor Co.*, 277 F.2d 907, 913 (6th Cir. 1960). It is settled authority that doubts regarding the applicability of an arbitration clause should be resolved in favor of arbitration. *Id.* Indeed, "any doubts are to be resolved in favor of arbitration 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Nestle Waters N. Am., Inc. v. Bollman*, 505 F.3d 498, 504 (6th Cir. 2007) (quoting *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004)). If parties contract to resolve their disputes in arbitration rather than in the courts, a party may not renege on that contract absent extreme circumstances. *Allied Steel & Conveyors*, 277 F.2d at 913. Furthermore, a district court's duty to enforce an arbitration agreement under the FAA is not diminished when a party bound by the agreement raises claims arising from statutory rights. *Stout*, 228 F.3d at 715.

### III. ANALYSIS

Here, considering in turn each of the "tasks" espoused in *Stout*, the Court concludes that all of Plaintiff's claims must go to arbitration.

First, there is no question that the parties agreed to arbitrate. Defendant has produced an executed Arbitration Agreement. (*See generally* Doc. 9-1). And Plaintiff has not questioned its validity. (*See generally* Doc. 10). Second, there is no question that the Arbitration Agreement applies to this dispute. The Arbitration Agreement provides that the parties must arbitrate all "claims relating to or arising from [Plainitff]'s employment with [Defendant] or any separation there from . . . ." (Doc. 9-1 at 2). Each of Plaintiff's claims falls under this broad language.[4] (Doc. 8 at ¶¶ 44–57). And third, none of the federal statutory claims alleged in Plaintiff's complaint is "nonarbitrable." Courts in this Circuit have compelled ADEA and ADA claims alike to arbitration. *See, e.g.*, *Jones v. U-Haul Co. of Massachusetts & Ohio Inc.*, 16 F. Supp. 3d 922, 943 (S.D. Ohio 2014) (holding that an ADEA claim was arbitrable); *Barna v. Wackenhut Servs., LLC*, No. 1:07-CV-147, 2007 WL 3146095, at *7 (N.D. Ohio Oct. 25, 2007) (holding that an ADA claim was arbitrable); *accord Topf v. Warnaco, Inc.*, 942 F. Supp. 762, 771 (D. Conn. 1996) (holding that both an ADEA claim and an ADA claim were arbitrable). Under such circumstances, referral to arbitration is required.

Interestingly, Plaintiff does not oppose the Motion to Compel Arbitration to the extent as she asks the Court to refer this case to arbitration. (Doc. 10 at 1). Instead, Plaintiff only opposes the Motion to Compel Arbitration to the extent it asks the Court to dismiss (rather than stay) this case. (*Id.*) Plaintiff argues that the FAA "requires" courts to stay (rather than dismiss) cases upon referral to arbitration. (*Id.* at 2).

---

[4] The Court has reviewed the exceptions to this broad language. (Doc. 9-1 at 2). None of them applies. (*Id.*)

Plaintiff's argument is not well-taken. When an issue is referred to arbitration, a court must stay the proceedings until the "arbitration has been had in accordance with the terms of the [arbitration] agreement . . . ." 9 U.S.C. § 3. However, when **all** claims are referred to arbitration, a court may properly dismiss the complaint. *Hensel v. Cargill, Inc.*, No. 99-3199, 1999 WL 993775, at *4 (6th Cir. 1999) (stating that "litigation in which all claims are referred to arbitration may be dismissed"); *see Ozormoor v. T-Mobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009) (stating that "[w]e have already rejected th[e] argument" that "9 U.S.C. § 3 requires district courts to stay suits pending arbitration rather than dismiss them").[5] "Most district courts in this circuit agree that the best procedure for enforcing arbitration agreements is to dismiss the court action without

---

[5] On the Court's review, *Hilton v. Midland Funding, LLC*, 687 F. App'x 515 (6th Cir. 2017), a recent unpublished decision issued by the Sixth Circuit, aligns with this recitation of the law. *Hilton* concluded that a district court did not err in dismissing a case, after referring the claim asserted therein to arbitration, as the plaintiff had not "appl[ied]" for (*i.e.*, asked for) a stay (as opposed to a dismissal) in the first place. *Id.* at 518–19 (noting that such an application is a basic prerequisite to obtaining a stay under the FAA). Given its focus on this threshold matter, *Hilton* did not reach (and thus did not alter) the longstanding principle, espoused in *Hensel*, *Ozormoor*, and numerous other Sixth Circuit decisions, that a case "in which all claims are referred to arbitration may be dismissed." *Hensel*, 1999 WL 993775, at *4 (stating in greater detail as follows: "Under § 3 of the FAA, if any separate claim is referable to arbitration, then a stay of proceedings on the remaining claims is mandatory. However, litigation in which all claims are referred to arbitration may be dismissed."); *see also Andrews v. TD Ameritrade, Inc.*, 596 F. App'x 366, 372 (6th Cir. 2014) ("Finally, the plaintiff argues that the district court erred in dismissing his complaint instead of ordering a stay until arbitration is complete. But the law is to the contrary: where there is 'nothing for the district court to do but execute the judgment,' dismissal is appropriate." (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945))); *Arnold v. Arnold Corp.*, 920 F.2d 1269, 1275 (6th Cir. 1990) (stating that it was not "error for the district court to dismiss the complaint" after ordering arbitration); *accord Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) ("The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." (quoting *Alford v. Dean Witter Reynolds*, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992)) (emphasis in original)); *cf. Myers v. TRG Customer Sols., Inc.*, No. 1:17-CV-52, 2018 WL 705629, at *2 (M.D. Tenn. Feb. 5, 2018) (interpreting *Hilton* together with other Sixth Circuit precedent).

7

prejudice." *Jones v. U-Haul Co. of Massachusetts & Ohio Inc.*, 16 F. Supp. 3d 922, 944 (S.D. Ohio 2014) (citing cases).[6] Whether to stay or dismiss a case in which all claims have been referred to arbitration is a matter of discretion. *Gilchrist v. Inpatient Med. Servs., Inc.*, No. 5:09-CV-2345, 2010 WL 3326742, at *5 n.2 (N.D. Ohio Aug. 23, 2010). Here, all of Plaintiff's claims must go to "final and binding arbitration," and the parties have not identified any other issues that require court resolution.[7] (Doc. 9-1 at 2). Under these circumstances, the Court concludes that a dismissal (rather than a stay) is proper.

## IV. CONCLUSION

Based upon the foregoing, the Motion to Compel Arbitration (Doc. 9) is **GRANTED**. As a result, this case is **COMPELLED** to arbitration and **DISMISSED** without prejudice. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

Date: 1/30/2020                              *s/ Timothy S. Black*
                                                                 Timothy S. Black
                                                                 United States District Judge

---

[6] Indeed, this Court has exercised its discretion to both stay and dismiss such cases, depending on which approach is better suited to the facts presented. *Compare Snedden v. Perkins & Marie Callender's Inc.*, No. 1:16-CV-668, 2016 WL 7049254, at *5 (S.D. Ohio Dec. 5, 2016) (staying a case after compelling arbitration), with *Jenkins v. Fifth Third Bank*, No. 1:16-CV-976, 2017 WL 3605357, at *6 (S.D. Ohio Aug. 22, 2017) (dismissing case after compelling arbitration).

[7] Plaintiff claims that a stay will ensure that Defendant proceeds "in accordance with" the terms of the Arbitration Agreement. (Doc. 10 at 2). Plaintiff's main concern appears to be that Defendant may not pay fees/expenses in accordance with section 9 of the Arbitration Agreement. (Doc. 9-1 at 3 (stating that, as a general matter, the "Hotel shall pay the arbitrator's fee and expenses")). But Plaintiff's <u>mere suspicion</u> that Defendant <u>might breach</u> the Arbitration Agreement is not a sufficient reason for the Court to keep this case open upon its already busy docket.